**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**JAMIE E. THOMAS,**
       **Plaintiff**

v.                Civil Action No.
                   3:04CV317-J

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
       **Defendant**

**MEMORANDUM OPINION AND ORDER**

  This matter is before the Court on plaintiff's motion for award of fees pursuant to the Equal Access to Justice Act, 28 U.S.C.A. Sec. 2412 ("EAJA"). The Commissioner does not contest plaintiff's status as a prevailing party, nor does the Commissioner assert that her position was substantially justified. However, she objects to plaintiff's request for an hourly rate in excess of the statutory rate.

  Plaintiff has requested reimbursement at an hourly rate of $144.20. Pursuant to the EAJA, the maximum hourly fee recoverable is $125,[1] unless that amount is inadequate to reflect the prevailing rate in the community for lawyers of similar skill and experience. This Court has routinely adopted the $125 hourly rate, rejecting cost of living arguments and arguments that the petitioning attorney has been awarded higher rates in other Districts. Petitioner has tendered the statements of three other social security practitioners in the community, each of whom confirms that he charges a $150 hourly rate. In addition, the Court takes judicial notice of the fact that petitioner is exceptionally experienced and skilled in the field of social security cases. Finally, it

---

[1] The $125 statutory fee has not been adjusted since 1996.

does not appear that the hours claimed are excessive for the type of work involved.

For the foregoing reasons, the Court concludes that the requested fee is appropriate. Accordingly,

IT IS ORDERED:

1. Plaintiff's counsel is awarded a reasonable attorney fee in the total sum of $2710.96 ($144.20 per hour), and costs in the amount of $172.40, all of which shall be paid by defendant Commissioner.

2. To the extent this fee is duplicative of the fee awarded under 42 U.S.C. Sec. 406(b), counsel shall reimburse his client.

This is a final order.